**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CHARLA G. ALDOUS, P.C. d/b/a** | § | |
| **ALDOUS LAW FIRM and CHARLA** | § | |
| **ALDOUS,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-3310-L** |
| | § | |
| **TERESA LUGO and DARWIN** | § | |
| **NATIONAL ASSURANCE COMPANY,** | § | |
| | § | |
| Defendants. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is Plaintiffs' Motion to Remand,[1] filed September 20, 2013. After careful consideration of the motion, response, reply, appendices, record and applicable law, the court **denies** Plaintiffs' Motion to Remand.

**I.      Background**

The parties in this action are Charla G. Aldous, P.C. d/b/a Aldous Law Firm and Charla Aldous ("Aldous"), collectively referred to as "Plaintiffs"; and Teresa Lugo ("Lugo") and Darwin National Assurance Company ("Darwin"), collectively referred to as "Defendants." Rather than attempt to summarize the claims and defenses of the parties from their pleadings, the court borrows from the parties' Joint Status Report ("Report"), filed October 18, 2013, and makes additions and deletions as appropriate for clarification. The claims and defenses in the Report appear to be based

---

[1] Plaintiffs' Motion to Remand is in response to Defendant Darwin National Assurance Company's Second Notice of Removal, filed August 21, 2013. Senior United States District Judge A. Joe Fish remanded to state court the originally-filed action, Civil Action No. 3:12-CV-5028-G, on June 20, 2013. The court will not revisit Judge Fish's opinion, except to the limited extent necessary for the court's analysis herein, as the reasoning and result are correct.

**Memorandum Opinion and Order – Page 1**

on the pleadings of the parties after the action was removed; however, insofar as analyzing the dispositive issues, for reasons later explained, the court considers the pleadings *as they existed at the time of removal.*

This action is an insurance coverage dispute in which Plaintiffs seek reimbursement of fees and expenses incurred in the defense of an underlying legal malpractice lawsuit beyond those that have been paid to Plaintiffs by their professional liability insurance carrier, Darwin.

Plaintiffs contend that Darwin breached the insurance contract, violated the Texas Insurance Code and DTPA, and breached the duty of good faith and fair dealing, and contend that Darwin arbitrarily reduced the amount of fees and expenses it paid. Plaintiffs also contend that, because Darwin had a duty to defend at least some portion of the underlying lawsuit, it had a duty to defend all claims whether covered by the subject policy or not, and that many of the claims Darwin had a duty to defend were inextricably intertwined with affirmative claims. Plaintiff further contends that Lugo made false representations regarding the placement of the insurance and the handling of claims, which caused pecuniary and economic loss and fraudulently induced Plaintiffs to hire Lugo and purchase the policy in question.

Lugo, the nondiverse defendant, contends that she was improperly joined in this lawsuit solely to defeat diversity jurisdiction and that Plaintiffs' claims against her are barred by the applicable statute of limitations. According to Lugo, the alleged misrepresentations that Plaintiffs contend were made by her constitute non-actionable puffery. Lugo denies making any representations regarding her placement of insurance with an insurer that did a large amount of business locally and denies saying she would assign a local adjuster in the event of a claim. Lugo states that she never met Aldous in person and cannot recall ever communicating with her directly in any manner. Lugo states her employment with HUB International Rigg ended on January 20,

**Memorandum Opinion and Order – Page 2**

2011, and she had no further involvement with any of HUB International Rigg's accounts or insureds, including Plaintiffs' February 15, 2011 claim for insurance coverage.

Darwin asserts counterclaims against Plaintiffs for breach of contract/anticipatory breach, unjust enrichment, money had and received, and misrepresentations, because Darwin has already paid over $470,000 on Plaintiffs' behalf, consistent with Plaintiffs' request that Darwin pay the agreed-upon share of the fees of Plaintiffs' choice of counsel. Darwin contends that Plaintiffs also agreed to maintain sole financial responsibility for affirmative claims, and agreed to reimburse Darwin for fees it paid on Plaintiffs' behalf that were awarded to Plaintiffs in the underlying lawsuit. According to Darwin, Plaintiffs' counsel testified in the underlying lawsuit that Plaintiffs' fees incurred for the defense of counterclaims in the underlying lawsuit were less than $223,000, demonstrating that the fees were not inextricably intertwined with affirmative claims and that Darwin has in fact overpaid Plaintiffs.

## II.     Improper Joinder Standard

A party seeking to remove an action to federal court on the basis of fraudulent or improper joinder bears a heavy burden. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc). In *Smallwood*, the court "adopt[ed] the term 'improper joinder' as being more consistent with the statutory language than the term 'fraudulent joinder,' which has been used in the past. Although there is no substantive difference between the two terms, 'improper joinder' is preferred." *Id*. at 571 n.1. Accordingly, the court uses the term "improper joinder" in this opinion. As the party wishing to invoke federal jurisdiction by alleging improper joinder, Darwin has the burden to establish that Lugo was joined by Plaintiffs to defeat federal jurisdiction. *Id*. at 575. The court is to resolve "any doubt as to the propriety of removal" in favor of remand. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (citation and quotation marks omitted).

**Memorandum Opinion and Order – Page 3**

Unless Congress expressly provides otherwise, a defendant may remove a state court civil action to a federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). A federal court has original jurisdiction over civil actions in which there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a). Otherwise stated, the statute requires complete diversity of citizenship; that is, a district court cannot exercise subject matter jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). In considering citizenship, however, the court considers only the citizenship of real and substantial parties to the litigation; it does not take into account nominal or formal parties that have no real interest in the litigation. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980). The citizenship of a party that is improperly joined must be disregarded in determining whether diversity of citizenship exists. *Johnson v. Heublein*, 227 F.3d 236, 240 (5th Cir. 2000).

To establish improper joinder, Darwin must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). Since Darwin does not assert fraud by Plaintiffs, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to

recover against an in-state defendant."[2]  *Smallwood*, 385 F.3d at 573 (citing *Travis*, 326 F.3d at 648).

In addressing this issue, the district court must determine whether a plaintiff has "any possibility of recovery against the party whose joinder is questioned."  *Travis*, 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).  "If there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved, then there is no [improper] joinder."  *Great Plains Trust*, 313 F.3d at 312 (internal quotations and citations omitted).  "This possibility, however, must be reasonable, not merely theoretical."  *Id*.  If there is a reasonable possibility that a plaintiff can recover on any of his or her claims, there is no improper joinder, and the case must be remanded.  *Smallwood*, 385 F.3d at 575.  In making this determination regarding improper joinder, a court does not "decide whether the plaintiff will actually or even probably prevail on the merits, but look[s] only for a [reasonable] possibility that [the plaintiff] may do so."  *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (citations omitted).  In determining whether a party was improperly joined, the court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff."  *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)).  On the other hand, if there is no reasonable possibility for predicting liability against the nondiverse defendant, improper joinder exists, and the action remains in federal court.

---

[2] To the extent that Darwin alludes to actual fraud in pleading jurisdictional facts, the record does not support such theory.

In deciding the question of improper joinder, the court may either (1) "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether [it] states a claim under state law against the in-state defendant"; or (2) in limited circumstances, conduct a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74. "When a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint at the time the [notice of] removal is filed." *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990). A court may not look to postremoval filings or pleadings to determine the issue of improper joinder. *Griggs v. State Farm Lloyds*, 181 F.3d at 700 (citation omitted). Limiting the determination of questions regarding removal jurisdiction to the claims set forth in the state pleading at the time of removal ensures finality and early resolution of the jurisdictional issue, both of which reduce expense and delay to the parties and court. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

## III.    Issues Presented by Plaintiffs' Motion to Remand

Plaintiffs and Lugo are citizens of Texas. The ultimate issues presented by the motion is whether Lugo was improperly joined to defeat diversity jurisdiction and whether this action should be remanded to state court or remain in federal court. As the law mandates, the court in resolving this issue will only consider the claims and allegations as set forth in Plaintiffs' First Amended Original Petition ("Amended Petition"), which was the operative pleading at the time this action was removed. *Cavallini*, 44 F.3d at 264; *Brown*, 901 F.2d at 1254. Accordingly, all references to and arguments made regarding claims or defenses in pleadings filed by the parties postremoval do not reflect the applicable law, are quite beside the point, and will not be considered by the court in deciding the issue of improper joinder.

**Memorandum Opinion and Order – Page 6**

The sole claim in the Amended Petition against Lugo is for negligent misrepresentation. In this regard, the pleadings set forth the following allegations:

## V.    CAUSES OF ACTION

### COUNT I

### NEGLIGENT REPRESENTATION AGAINST MS. LUGO

26.    At all relevant times, Ms. Lugo professed to Ms. Aldous that she had special knowledge in the field of lawyer's professional liability insurance procurement and recovery.   Among other reasons, Ms. Lugo was guilty of negligent misrepresentations when she told Ms. Aldous that 1) she would place Ms. Aldous' insurance with an insurer with a well-established reputation of paying claims; 2) she would place Ms. Aldous' insurance business with an insurer that did a large amount of its business locally, and, in the event of a claim, would assign a local adjuster, with knowledge of and ties to the community; 3) she would place Ms. Aldous' policy with an insurer that would give Ms. Lugo input on assigning the adjuster in the event of a claim; and 4) Ms. Lugo would have influence with the adjuster, which she could and would use to assist Ms. Aldous in obtaining timely coverage and payment for any claim.

27.    Ms. Lugo made these misrepresentations in the course of her business, supplying false and misleading information for Plaintiffs' guidance in their business, and Ms. Lugo did not exercise reasonable care or competence in obtaining or communicating this information.

28.    Plaintiffs justifiably relied on Ms. Lugo's negligent misrepresentations and suffered pecuniary and economic loss as a result.

Pls.' First Am. Orig. Pet. 7, § V, ¶¶ 26-28.

Plaintiffs' Amended Petition is the live pleading relevant to the court's resolution of the improper joinder issue.  Aldous filed a declaration in her reply to Darwin's response to Plaintiffs' Motion to Remand.  The declaration verifies that the allegations in paragraphs six through twenty-two of Plaintiffs' Second Amended Complaint are correct.  Although Plaintiffs' Second Amended Complaint is not the operative pleading for the court's analysis, the court will consider the declaration because the substance of the allegations in paragraphs eight through eleven of the

Second Amended Complaint is essentially the same as the allegations of paragraphs twenty-six through twenty-eight of the Amended Petition, which is the live pleading for removal purposes.

## IV.   Discussion

### A.   Negligent Misrepresentation

The elements for a claim for negligent representation are: (1) a representation made by the defendant in the course of her business or one made in a transaction in which she has a financial interest; (2) false information supplied by the defendant for the guidance of others in their business; (3) a failure of the defendant to exercise reasonable care or competence in obtaining or submitting the information; and (4) a monetary loss suffered by the plaintiff that results from the plaintiff's justifiable reliance on the representation made by the defendant. *Federal Land Bank v. Sloane Assoc. of Tyler*, 825 S.W.2d 439, 442 (Tex. 1992).  In *Aldous v. Black*, No. 3:12-CV-5028-G, 2012 WL 3154121, at *6-7 (N.D. Tex. June 20, 2013), the court held that Darwin failed to establish that Aldous's negligent misrepresentation claim against Holly Black ("Black") had no possibility of success, that Black was properly joined, and that complete diversity of citizenship between the parties existed.  The court remanded the action to state court on June 20, 2013.

After the first action was remanded to state court, Plaintiffs filed the Amended Petition and added Lugo as a defendant on July 30, 2013.  Plaintiffs also nonsuited Black on July 30, 2013. The court has compared the allegations[3] of Plaintiffs' Original Petition in the first case, Civil Action No. 3:12-CV-5028-G, with those of the allegations against Lugo in the Amended Petition in this case.  The allegations in the two pleadings against Black and Lugo are identical, except for the substitution of Lugo's name in place of Black's name in the Amended Petition in this action.

---

[3] The court incorporates the analysis and holding in the earlier-filed action as if they were repeated herein verbatim.

Based upon the same allegations, and the thorough analysis and correct result reached by Senior Judge Joe Fish in the earlier filed action, the court sees no reason for it to "replow the field."  In other words, the same reasons Judge Fish held that Darwin failed to show that Plaintiffs' negligent misrepresentation claims had no reasonable possibility of success apply equally to Plaintiffs' claim of negligent representation against Lugo with respect to the sufficiency of Plaintiffs' pleadings.  In other words, the allegations of Plaintiffs' pleadings regarding Lugo are sufficient for the court to predict that a reasonable possibility exists that Plaintiffs might recover against Lugo on their claims of negligent misrepresentation.  This, however, is not the end of the story, as Darwin points out that Lugo has pleaded a statute of limitations defense.[4]

### B.    Statute of Limitations

By far the most cogent argument that Darwin makes is that relating to the statute of limitations defense.  Darwin contends that the statute of limitations for negligent misrepresentation is two years from the date the cause of action arose and cites section 16.003 of the Texas Civil Practice and Remedies Code.  Darwin contends that Plaintiffs knew at some time in February 2011 that their insurance claim had not been assigned to a local adjuster and that they did not assert a

---

[4] Darwin also argues that this action should be remanded because Plaintiffs are engaging in impermissible forum shopping by asserting claims that are not viable against an in-state defendant.  In the first-filed action, Plaintiffs asserted a claim against Black and sought a remand on the basis that no diversity of citizenship existed.  The case was remanded on June 21, 2013, and on July 30, 2013, Plaintiffs filed an amended pleading, added Lugo as a defendant, and nonsuited Black.  Plaintiffs made the identical claim and allegations against Lugo.  Darwin contends that Plaintiffs never had an intent to proceed to judgment against Black and that Black had been added solely to defeat diversity and obtain a remand to state court.

While Darwin makes an interesting argument, proof is lacking to support it.  Plaintiffs counter that they discovered that they had sued the wrong defendant by suing Black and that Lugo is the correct defendant.  Darwin has produced no evidence to establish, or from which the court can reasonably infer, that the nonsuit of Black and substitution of Lugo were anything other than a move to sue the correct defendant.  Accordingly, the court finds Darwin's argument without merit.

claim for negligent misrepresentation against Lugo until July 30, 2013, when Plaintiffs filed their Amended Petition, which was more than two years after Plaintiffs became aware of their claim for negligent misrepresentation.  Darwin ultimately contends that the statute of limitations bars any recovery against Lugo regarding negligent misrepresentation.

Plaintiffs do not dispute Darwin's contention that a two-year statute of limitations applies to the negligent misrepresentation claim against Lugo.  Further, Plaintiffs do not dispute that they first became aware in February 2011 that their insurance claims had not been assigned to a local adjuster.  Thus, these two matters are not in dispute.

Plaintiffs counter with essentially two arguments: Lugo has not pleaded a limitations defense, and they have pleaded multiple viable claims against Lugo.  Regarding Plaintiffs' first argument, their assertion is simply incorrect.  Plaintiffs incorrectly rely on Defendant Teresa Lugo's First Amended Answer to Plaintiffs' Second Amended Complaint.  Lugo filed an Original Answer in state court that stated in part as follows: "Pleading further, if such be necessary, Defendant [Lugo] would show that Plaintiffs' claims herein against Defendant are barred in whole or in part by applicable statutes of limitations."  Def. Teresa Lugo's Orig. Ans. 1, § II.  As the court previously stated, in resolving the issue of improper joinder, it is confined to the status of the pleadings at the time of removal. *Griggs,* 181 F.3d at 700; *Brown*, 901 F.2d at 1254.  The live or operative pleadings at the time of removal were Plaintiffs' Amended Petition and Lugo's Original Answer to the Amended Petition.  Plaintiffs may not rely on any pleading Lugo filed in response to Plaintiffs' Second Amended Complaint, which was filed postremoval on September 6, 2013.

The court now turns to the second argument urged by Plaintiffs, namely, that they have asserted claims of fraud and fraudulent inducement against Lugo arising out of the same set of

**Memorandum Opinion and Order – Page 10**

facts as their negligent misrepresentation claim.  This argument is fundamentally flawed and fails for the same reason set forth in the preceding paragraph and other reasons.

Plaintiffs take the position that they had an absolute right to amend under Federal Rule of Civil Procedure 15(a) and *LC Farms, Inc. v. McGuffee*, Civil Action No. 2:12-CV-165-SA-JMC, 2012 WL 5879433 (N.D. Miss. Nov. 21, 2012).  The rule provides in relevant part, "A party may amend its pleadings once as a matter of course within: 21 days after serving it . . . ."  Fed. R. Civ. P. 15(a)(1)(A).  As Plaintiffs filed an Amended Petition on July 30, 2013, in state court, this court does not believe that this provision of Rule 15(a) applies.  This is so because removed cases must be considered in accordance with Federal Rule of Civil Procedure 81(c)(1), which states that the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court."  Therefore, once the action was removed, the plain language of Rule 15(a) applied to this action.  As Plaintiffs had already amended once, they could not file an amended pleading without Defendants' written consent or leave of court.  Fed. R. Civ. P. 15(a)(2).  They obtained neither.  Accordingly, Plaintiffs' Second Amended Complaint is a nullity and quite beside the point as to the determination of improper joinder.

The court determines that Plaintiffs' reliance on *LC Farms, Inc.* is misplaced.  The court does not know all of the facts in *LC Farms, Inc.,* as they are not fully set forth in the opinion; perhaps, the court in *LC Farms, Inc.* found the amendment to be within the time allowed by Rule 15(a).  Contrary to the reasoning of the court in *LC Farms, Inc.*, this court cannot say that Plaintiffs had the right to file Plaintiffs' Second Amended Complaint as a "matter of course."  Notwithstanding the timeliness of any amendment, the court holds that *LC Farms, Inc.* contravenes well-established authority of the Fifth Circuit.  *Brown, Cavallini*, and *Griggs* all state in

unequivocal language that a federal court must limit its consideration regarding removability to the pleadings at the time of removal.  There is no leeway or "wiggle room."

The court found no authority from the Fifth Circuit or Supreme Court that allows a district court to consider a postremoval amendment to determine whether a nondiverse defendant was properly joined.  The court declines Plaintiffs' invitation to accept the reasoning of *LC Farms, Inc.*, as it is contrary to well-established Fifth Circuit precedent.

The court now turns to the merits of the statute of limitations defense.  Even if Plaintiffs successfully set forth allegations upon which the district has a reasonable basis to predict that Plaintiffs might be able to recover against Lugo, a defendant may show improper joinder by establishing an affirmative defense.  *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 753 (5th Cir. 1996).  If a defendant establishes an affirmative defense, "it necessarily follows that joinder was [improper]."  *Id.*  The statute of limitations is an affirmative defense, Fed. R. Civ. P. 8(c)(1), and it has been raised by Lugo.

As earlier noted by the court, Plaintiffs do not dispute the applicability of the two-year statute of limitations or that they became aware of the existence of their negligent representation claim in February 2011.  To the extent that Plaintiffs assert a relation-back and tolling argument regarding the statute of limitations because the wrong party was initially sued, such argument fails.

Whether "limitations is tolled" and whether "a subsequent amendment of the petition relates back to the date of the original petition" depend on whether a defendant is misnamed or misidentified.  *Enserch Corp. v. Parker*, 794 S.W.2d 2, 4-5 (Tex. 1990).  "If the plaintiff merely misnames (misnomer) the correct defendant, limitations is tolled and a subsequent amendment of the pleadings relates back to the date of the original petition."  *Id.*  "Misidentification" is best explained as follows:

**Memorandum Opinion and Order – Page 12**

> [I]f the plaintiff is mistaken as to which of two persons is liable and obtains service upon the wrong defendant and then subsequently amends [the] petition to join the proper party, such amended petition is a new lawsuit[,] and the statute of limitations is not tolled until the plaintiff files [the] amended petition.

*Marez v. Moeck,* 608 S.W.2d 740, 742 (Tex. Civ. App.—Corpus Christi, 1980, no writ).  In cases of misidentification, the statute of limitations is not tolled, unless the plaintiff can show that a business relationship exists "between the erroneously named defendant and the correct defendant," and that the correct defendant suffers no legal prejudice.  *Enserch*, 744 S.W.2d at 5 (citation omitted).  This exception, however, does not apply to the misidentification of individual defendants.  *Fleener v. Williams,* 62 S.W.3d 286, 287 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (citation omitted).

In this case, when Plaintiffs initially sued and served Black, they did not sue and serve the correct defendant and merely misname her.  They sued the wrong defendant.  In other words, Plaintiffs' misidentified the correct defendant, which is why they added Lugo as a defendant.  As this is a misidentification case, the statute of limitations is not tolled as to Lugo.  Suit against Lugo was filed more than two years after it accrued.  Darwin has established that a valid statute of limitations defense exists as to the negligent misrepresentation claim against Lugo.  Further, nothing in the record intimates, much less establishes, that Lugo, intentionally or by conduct, has waived the statute of limitations defense as to the negligent misrepresentation claim.  Defendants have convinced the court that Lugo would prevail on the statute of limitations defense; therefore, there is no reasonable basis for the court to predict that Plaintiffs might be able to recover against Lugo on their claim of negligent misrepresentation.  Accordingly, the court holds that Lugo was improperly joined to defeat diversity jurisdiction.

**V.      Conclusion**

For the reasons herein stated, Teresa Lugo, the nondiverse defendant, was improperly joined, and the court disregards her citizenship for diversity purposes.  Accordingly, the court has jurisdiction of this action and **denies** Plaintiffs' Motion to Remand.

**It is so ordered** this 12th day of August, 2014.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 14**