IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHARLA G. ALDOUS, P.C.,** and | § | |
| **CHARLA ALDOUS,** | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV -3310-L** |
| | § | |
| **DARWIN NATIONAL** | § | |
| **ASSURANCE COMPANY,** | § | |
| | § | |
| Defendant. | § | |

## SUPPLEMENTAL MEMORANDUM OPINION AND ORDER

On March 30, 2015, the court informed the parties that it would issue a supplement to its Memorandum Opinion Order (Doc. 106), field March 9, 2015.  Accordingly, the court **issues** this Supplemental Memorandum Opinion and Order.  This supplemental opinion **supersedes** and **vacates** Section III(B)(1) and (2), and Section IV of the court's earlier filed Memorandum Opinion and Order (Doc. 106), filed March 9, 2015.  This opinion clarifies and more accurately reflects the state of law as to Defendant's breach of contract claim and claim for money had and received.

I.      **Analysis**

A.      **Defendant's Counterclaims**

1.      **Darwin's Breach of Contract Claim**

Plaintiffs and Defendant seek summary judgment on Defendant's breach of contract claim. Defendant contends that Aldous's refusal to pay Darwin money from the Hill judgment constitutes a breach of the Policy, as "Aldous is impairing Darwin's subrogation rights, failing to cooperate with Darwin in exercising its subrogation rights and jeopardizing or prejudicing those rights by failing

to pay Darwin for the amount of Claim Expenses that Darwin paid on Aldous' behalf." Def.'s Mot. Summ. J. 32.  Plaintiffs argue that the antisubrogation rule bars Defendant's suit against them and that the Policy also precludes Darwin from recovering. Because Plaintiffs' argument is dispositive, the court addresses its motion first.[1]

### a.      Plaintiffs' Motion for Summary Judgment

Plaintiffs argue that they are entitled to summary judgment on Defendant's breach of contract claims.  Plaintiffs assert that: (1) the antisubrogation rule bars Defendant's breach of contract claim; (2) the provisions in the Policy do not support Darwin's recovery; and (3) any separate representation made by Aldous does not supersede the provisions in the Policy.

### i.      Antisubrogation Rule

Plaintiffs contend that the antisubrogation precludes Defendant from asserting a breach of contract claim against them.[2]  The anti-subrogation rule prohibits "an insurer [from suing] its own insured on the insurance policy."  *U.S. v. St. Bernard Parish*, 756 F.2d 1116, 1127 (5th Cir. 1985). "An insurer cannot by way of subrogation recover against its insured or an additional assured any

---

[1] Because Plaintiffs' motion is dispositive and the court addresses it first, for purposes of this section, the court will treat Darwin as the nonmoving party and view all facts and inferences in the light most favorable to it.

[2] The relevant portions of the Policy state:

> The Insurer shall be subrogated to all Insureds' rights of recovery against any person or organization. All Insureds shall assist the Insurer in effecting any rights of indemnity, contribution and apportionment available to any Insured, including the execution of such documents as are necessary to enable the Insurer to pursue claims in the Insureds' names and shall provide all other assistance and cooperation which the Insurer may reasonably require.  All  Insureds shall cooperate with the Insurer and do nothing to jeopardize, prejudice or terminate in any way such rights.

> The Insurer shall not exercise any such rights against any Insured except as provided herein. Notwithstanding the foregoing, however, the Insurer reserves the right to exercise any rights of subrogation against any Insured with respect to any Claim brought about or contributed to by the intentional, criminal, fraudulent, malicious or dishonest act or omission of such Insured.

Pls.' App. 28, Ex. 2.

**Supplemental Memorandum Opinion and Order- Page 2**

part of its payment for risk covered by the policy." *Peavey Co. v. M/V ANPA*, 971 F.2d 1168, 1177 (5th Cir. 1992) (citations omitted).

To the extent Defendant seeks to subrogate Aldous, the antisubrogation rule squarely prohibits it from doing so. *See Peavey*, 971 F.2d at 1177 ("This Circuit has overwhelmingly upheld the fundamental principle of insurance law which states that an insurer may not sue its own insured to recover under the insurance policy.").

The Policy provides Darwin with a limited right of subrogation against Aldous, but it is not applicable under these circumstances. The Policy only supports Darwin's subrogation of Aldous for claims "brought about or contributed to by the intentional, criminal, fraudulent, malicious or dishonest act or omission of such Insured." Pls.' App. 28, Ex. 2. According to Plaintiffs, this provision is not implicated by the circumstances of this case and therefore Darwin cannot pursue subrogation against Aldous. Darwin does not dispute this assertion. Darwin, instead, argues that it seeks recovery from Aldous for breaching a provision in the Policy that bars Aldous from interfering with its subrogation rights.[3] The following section addresses the parties' contentions regarding the relevant provisions in the Policy.

## ii.    *Provisions in the Policy*

Plaintiffs argue that they are entitled to summary judgment because the Policy does not allow for recovery. Defendant argues that the Policy does not prevent it from recovering for Aldous's interference with its right to subrogate Hill.

---

[3] Defendant further contends that, notwithstanding the provision limiting Darwin's subrogation rights against Aldous, it is "subrogated to all Insureds' rights of recovery against any person or organization." Pls.' App. 28, Ex. 2. This provision, however, does not diminish the provision in the Policy limiting the subrogation actions against the Insured only upon fraudulent or criminal acts.

**Supplemental Memorandum Opinion and Order- Page 3**

The provision in the Policy on which Darwin relies states: "All Insureds shall cooperate with the Insurer and do nothing to jeopardize, prejudice or terminate in any way such rights." Pls.' App. 28, Ex. 2.  Defendant additionally relies on *Dickey v. Healthcare Recoveries*, No. 97-00351, 1998 WL 20728 (Tex. App.   Austin Jan. 23, 1998, no pet.) (mem. op., not designated for publication), for the proposition that "[s]ubrogation prevents double recovery by insureds where the insurer has paid healthcare costs on behalf of the insured and the insured is seeking to recover the amounts paid by the insurer in tort damages from a third party." (citation omitted).  *Dickey* held that the insurance company's "rights accrued at the time it made payments on appellants' behalf, and any funds recovered by appellants in their tort actions against the third-party wrongdoers belong to [it]." *Dickey*, 1998 WL 20728, at *4.

*Dickey* is distinguishable.  The insurance policies in *Dickey* "expressly acknowledge[d] that [the insurance company] is subrogated to any recovery by the insured against a third-party . . . ." *Id.* at *1.  Thus, the policy expressly covered instances where the insured recovers from a third-party. The Policy at issue here does not contain an analogous provision, and as a result, this unpublished opinion has little relevance in resolving the dispute at issue here.

The additional cases cited by Defendant are likewise inapposite.  Defendant cites *Westchester Fire Ins. v. Heddington Ins. Ltd*, 883 F. Supp. 158, 162 (S.D. Tex. 1995).  The facts of *Westchester* are distinguishable.  The court determined that a release agreement "executed solely by the insureds did not destroy [the insurance company's] subrogation rights," because "the insured cannot, after the loss has occurred and after payment to the insured by the insurer, prejudice the right to subrogation by settling with or releasing the offending party who had knowledge of the insurer's right of subrogation." *Id.* (citation omitted).  The dispute at issue was the distribution of a settlement entered

into by various insurers. *Id*. at 160.   *Westchester* required the court to determine the "order, or priority, of liability among insurance carriers." *Id*.   The case did not articulate a rule of law that allows an insurance company to sue its insured; rather, *Westchester* held that the insured's interference did not negate the insurance company's subrogation rights and its rights against the additional insurers.

Moreover, Aldous's alleged interference, which Darwin argues constitutes a breach of the Policy, involved a judgment awarding attorney's fees.  This is not comparable to an insured who settles with a third party and thereby cuts off the insurer's subrogation rights, as was the case in *Westchester*.  Aldous had a right to seek attorney's fees. Judge Toliver and Judge O'Connor found that certain defensive claims were inextricably intertwined with BAM's affirmative claims against Hill, and as a result, Aldous was entitled to recover attorney's fees for prevailing in the Hill lawsuit. Defendant provides no case law to support a conclusion that receiving a judgment for attorney's fees is tantamount to jeopardizing, prejudicing, or terminating Darwin's subrogation rights.

Darwin would have a right to recovery if it included a provision allowing for reimbursement or greater subrogation rights. *See Excess Underwriters at Lloyd's, London v. Frank's Casing Crew & Rental Tools, Inc.*, 246 S.W.3d 42, 47-48 (Tex. 2008) ("The Court in *Matagorda County* weighed the varying risks that arise in this context and decided that insurers, on balance, are better positioned to handle them 'either by drafting policies to specifically provide for reimbursement or by accounting for the possibility that they may occasionally pay uncovered claims in their rate structure.'") (citations omitted).  Had Darwin included such a provision  the court would reach a different conclusion.  When drafting the policy, Defendant was in the best position to apportion risk among the parties.  The Texas Supreme Court stated the following:

**Supplemental Memorandum Opinion and Order- Page 5**

> And in *Texas Ass'n of Counties County Government Risk Management Pool v. Matagorda County*, we emphasized that insurers are well equipped to evaluate and reduce risk by, for example, "drafting policies to specifically provide for reimbursement." [Plaintiff] did exactly that, drafting two separate recovery provisions that replaced equitable rights with specific contractual rights. Neither subrogation nor reimbursement clauses violate Texas public policy.

*Fortis Benefits v. Cantu*, 234 S.W.3d at 649. There is simply no provision in the Policy that allows for Darwin's recovery under these circumstances. *See Western Heritage Ins. Co. v. Magic Years Learning Ctrs. and Child Care, Inc.*, 45 F.3d 85, 88 (5th Cir. 1995) (citing *Nat'l Union Fire Ins. Co. v. Hudson Energy Co., Inc*., 811 S.W.2d 552, 555 (Tex. 1991) ("In determining whether the policy covers the allegations, the court must enforce the policy as written if it can be given only one reasonable construction."). Accordingly, the court determines that the provisions in the Policy do not support a recovery for Darwin.

### iv.    Aldous's Alleged Representations

Plaintiffs additionally argue that any alleged representations by Aldous were not sufficient to form a subsequent contract that modified the rights of the parties as they are set forth in the Policy. Defendant's Answer asserts that in "e-mails and phone conversations Aldous represented and agreed that . . . Darwin would be reimbursed any fees, costs, and expenses it paid on Aldous' behalf if awarded in the Lawsuit to the extent of Aldous' recovery . . . ." Darwin's Third Am. Answer and

Counterclaim ¶ 21.[4]  Plaintiffs contend that Aldous made an offer but that Darwin never accepted the offer to form a valid contract.

According to Plaintiffs, Darwin instead made a counteroffer, which is evidenced in the following e-mail from Lizotte:

> Please note that we will agree to his continued retention [sic] light of the amount of documentation involved in this matter and the time constraints with the upcoming April 18 hearing, however, I have several conditions that will need to be addressed/discussed . . . .

Pls.' App. 56, Ex. 4.

Plaintiffs consider the excerpted portion of Lizotte's e-mail as a rejection of Aldous's offer. *See* Pls.' Mot. Partial Summ. J. 30 ("Under Texas law, an acceptance must be identical with the offer to make a binding contract.") (citing *Gilbert v. Pettiette*, 838 S.W.2d 890, 893 (Tex. App.   Houston [1st Dist.] 1992, no writ)).

Darwin does not respond to Plaintiffs' argument that the parties' e-mail exchange was insufficient to form a contract. Darwin addresses Aldous's alleged representations with respect to its claim for negligent misrepresentations and argues that Darwin relied on Aldous's representations. Darwin, however, does not respond to Plaintiffs' contention that these e-mails and representations

---

[4] Specifically, Defendant contends that Aldous represented that she would reimburse Darwin in the event BAM recovered attorney's fees. According to Lizotte, Aldous represented that "Darwin would be reimbursed any fees and expenses that it paid on her behalf if awarded in the Fee Lawsuit to the extent of her recovery . . . ." Def.'s Mot. Summ. J. 39-40 (citing Def.'s App. 126, Ex. 2).  Furthermore, in an e-mail to Lizotte, Aldous stated:

> I am confirming . . . that any fees and expenses recovered will be reimbursed to the carrier in the same proportion as any fees and expenses paid by the carrier bear to those incurred by me to date; and that Mr. Loewinsohn and I will in all other respects honor the terms and conditions of the insuring agreement.

Pls.' App. 58, Ex. 4.

**Supplemental Memorandum Opinion and Order- Page 7**

do not constitute a contract and cannot support Darwin's claim for breach of contract.[5]  The court

accepts what Plaintiffs state as correct because Darwin does not dispute these facts.[6]  The

significance of Aldous's representations with respect to Darwin's breach of contract claim are an

important issue, and it would have been in Darwin's best interest to address it if it intended to pursue

this theory.  Accordingly, the court accepts as undisputed that the parties never formed a contract on

the basis of these representations.  Plaintiffs carried their burden, and Darwin failed to identify

specific evidence in the record and articulate the precise manner in which that evidence supports its

claim.  *See Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

Plaintiffs additionally contend that the Policy does not permit a separate agreement to change

or modify the Policy.  This provision specifically provides as follows: "No change or modification

of this Policy shall be effective except when made by a written endorsement to this Policy signed by

an authorized representative of the Insurer.  No representations by any person shall have any force

or effect except as included in such endorsement."  Pls.' App. 30.  Thus, by the express terms of the

Policy, Aldous's representation has no force or effect because she did not make it by a written

endorsement to the Policy.

Defendant does not challenge the validity of this provision, and therefore there is no genuine

dispute of material fact that Aldous's alleged representation cannot, as a matter of law, change the

---

[5] In its response and cross-motion for summary judgment, Darwin argues it is entitled to summary judgment on its claim for breach of contract because the anti-subrogation rule does not apply and because the policy does not limit Darwin's recovery.  *See* Def.'s Mot. Summ. J. 31-35.  It does not mention a subsequent contract or representation by Aldous in its discussion of its breach of contract claim.

[6] A court is permitted to accept the movant's facts as undisputed when no response or opposition is filed.  *Id*.  Normally, "[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Schubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).  Because Darwin's Response and Cross-Motion for Summary Judgment do not address this argument with respect to its claim for breach of contract, the court accepts as undisputed that the parties never formed a contract on the basis of Aldous's alleged representations.

Policy. *See Ragas*, 136 F.3d at 458. Accordingly, the court determines that there is no genuine dispute of material fact with respect to Aldous's alleged representations as they relate to Darwin's breach of contract claim.

Ultimately, Defendant's breach of contract claim fails as a matter of law because the antisubrogation rule prevents Darwin's subrogation of Aldous; the Policy does not allow for reimbursement; and any alleged representation made by Aldous cannot modify the Policy. Accordingly, the court will grant Plaintiffs' Motion for Partial Summary Judgment as to Defendant's breach of contract claim and deny Defendant's Cross-Motion for Summary Judgment as to the same.

### 2. Money Had and Received/ Unjust Enrichment

As a preliminary matter, the court determines that the Defendant cannot proceed under two separate theories of money had and received and unjust enrichment, and the court will grant Plaintiffs' Motion for Summary Judgment with respect to Defendant's claim for unjust enrichment.[7]

As a general rule, a party cannot pursue equitable theories of recovery when an express contract governs the dispute. "When a valid agreement already addresses the matter, recovery under an equitable theory is generally inconsistent with the express agreement." *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000). Ultimately, "[t]o recognize an equitable right to reimbursement would require us to 'rewrite the parties' contract [or] add to its language' . . . which

---

[7] Defendant includes unjust enrichment and money had and received in the same section in its motion for summary judgment but separates the causes of action in its Third Amended Answer and Counterclaim. Because Defendant's claims for unjust enrichment and money had and received both seek restitution, the court treats unjust enrichment as the theory for which Plaintiffs are liable under Defendant's claim for money had and received. *See Chapman v. Commonwealth Land Title Ins. Co.*, 814 F. Supp. 2d 716, 724-26 (N.D. Tex. 2011) (holding that unjust enrichment is not an independent cause of action under Texas law); *Hancock v. Chicago Title Ins. Co.*, 635 F. Supp. 2d 539, 560 (N.D. Tex. 2009) ("[U]njust enrichment is a theory of liability that a plaintiff can pursue through several equitable causes of action, including money had and received."). "Because Texas law does not afford an independent cause of action for unjust enrichment," Defendant cannot simultaneously maintain claims for money had and received and unjust enrichment. *Hancock*, 635 F. Supp. 2d at 561. Accordingly, the court will grant summary judgment and dismiss Defendant's claim for unjust enrichment.

**Supplemental Memorandum Opinion and Order- Page 9**

we decline to do." *Excess Underwriters*, 246 S.W.3d at 50 (citing *Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 162 (Tex. 2003)); *see also TransAmerican Natural Gas Corp. v. Finkelstein*, 933 S.W.2d 591, 600 (Tex. App.   San Antonio 1996, writ denied) ("We believe this result is particularly appropriate when sophisticated parties . . . bargain for express contracts."). Thus, parties are bound to their express agreements. *Fortune*, 52 S.W.3d at 684.

Defendant argues it is entitled to recover a portion of the judgment for the attorney's fees it paid.  Darwin is unable to recovery under a quasi-contractual claims because the Policy is a valid express contract that covers the same subject matter.   Accordingly, the existence of the Policy precludes Defendant from arguing it is entitled to recover all of the fees it paid under a theory of money had and received.

Courts have recognized exceptions to this rule. One such exception includes overpayments under a contract.  *Fortune*, 52 S.W.3d at 684 (recognizing that "overpayment under a contract can be recovered under a theory of restitution or unjust enrichment" but concluding that the exception was not relevant to the facts in the case); *Southwestern Elec. Power Co. v. Burlington Northern R.R. Co.*, 966 S.W. 2d 467, 471 (Tex. 1998) (holding that a contract precluded claims for unjust enrichment and money had and received absent overpayments under the contract); *see also North Cypress Med. Center Operating Co., Ltd. v. Cigna Healthcare*, 12-20695, 2015 WL 1069411, at *14 (5th Cir. March 10, 2015) ("The Texas Supreme Court has held that in some circumstances, overpayments under a valid contract may give rise to a claim for restitution or unjust enrichment.") (citations and internal quotation marks omitted); *Courson Family Land P'ship Ltd. v. Latigo Petroleum Texas, LP*, 06-00009, 2006 WL 3044415, at *3 (N.D. Tex. October 26, 2006) ("This

**Supplemental Memorandum Opinion and Order- Page 10**

general rule has an exception: one may recover under a theory of unjust enrichment for overpayments made under a valid contract.") (citation omitted).[8]

Defendant is entitled to recover to the extent it made overpayments. Defendant has an obligation to pay one-third of the total defense expenses. Pls.' App. 54 ("[W]e (Aldous) are only responsible for a third of the fee and expenses and therefore you will only be responsible for 1/3 of the fee and expenses.").[9] As discussed, Plaintiffs are judicially estopped from asserting that the defense expenses are for an amount other than $668,068.31. Accordingly, to the extent Defendant paid an amount greater than $222,689.44, which is one-third of $668,068.31, Darwin is entitled to recover under a claim for money had and received. Defendant has already paid $502,364.59, and

---

[8] The Fifth Circuit recognizes restitution for overpayment as a means of recovery under ERISA. *See UNUM Life Ins. Co. of Am. v. Long*, 227 F. Supp. 2d 609, 613 (N.D. Tex. 2002) (citing *Jamail, Inc. v. Carpenters Dist. Council of Houston Pension & Welfare Trusts*, 954 F.2d 299, 613 (5th Cir. 1992)). Specifically, "[t]he creation of such a remedy furthers the goals of ERISA by promoting prompt payment of claims." *UNUM Life*, 227 F. Supp. 2d at 613 (citations omitted). "If an insurer or fiduciary cannot sue for the restitution of overpayments, [it is] likely to delay payment to the [beneficiary] until [it] can calculate accurately the precise amount they owe." *Id.* (citation and quotation marks omitted). By analogy, the reasons for allowing recovery for overpayments in the context of ERISA are applicable to the court's decision today, as these concerns also pertain to contracts for liability insurance.

[9] The declaratory relief sought by Plaintiffs supports the court's conclusion that Aldous intended to hold Darwin liable for one-third of the defense expenses, as "Plaintiffs seek a declaratory judgment that they are entitled to recover from Darwin one-third of the attorneys' fees and expenses incurred by their law firm from the date they notified Darwin of the Claim forward . . . ." Pls.' Mot. Summ. J. 4; Pls.' Reply 16 ("The evidence establishes that Plaintiffs are entitled to all of their requested declaratory relief, including their right to recover one-third of their Defense Expenses incurred by LFD."). When calculating the amount of fees owed by Defendant, Plaintiffs acknowledge that Darwin owes only one-third of the total defense expenses. *See* Pls.' Reply 10 ("Darwin's one-third share of this reduction totals $203,911.40.") (emphasis omitted); Pls.' Reply 15 n.20 ("Judge O'Connor's holding regarding the inextricable intertwining of claims requires Darwin to pay *one third* of all of Plaintiffs' fees and expenses, whether related to the defensive or affirmative claims.") (emphasis added). Moreover, Defendant's reservation of rights letter states, "[I]t is Darwin's understanding that we will only be responsible for one-third (1/3) of Mr. Loewinsohn's reasonable and customary fees and expenses related to the defense of this counter claim . . . ." Pls.' App. 64, Ex. 5. Thus, the record overwhelmingly supports the court's conclusion that Darwin is liable for one-third of the cost to defend against Hill's claims.

**Supplemental Memorandum Opinion and Order- Page 11**

therefore, has overpaid by an amount of $279,675.15.  Lizotte Decl. 2, Def.'s App. 126, Ex. 2.[10]

Accordingly, the court permits Defendant to recover only for its alleged overpayments under the

insurance contract and grants Defendant's Motion for Summary Judgment on its money had and

received claim with respect to Darwin's overpayments.[11]

## II.   Conclusion

The court **determines** that  no genuine dispute of material fact exists with respect to

Defendant's breach of contract claim, and Plaintiffs are entitled to judgment as a matter of law.

Accordingly, the court **grants** Plaintiffs' Motion for Partial Summary Judgment as to Defendant's

breach of contract claim and **dismisses with prejudice** this claim.  In light of this ruling, the court

**denies** Defendant's Cross-Motion for Summary Judgment as to its claim for breach of contract.

Furthermore, because unjust enrichment is not an independent cause of action in Texas, the

court **grants** Plaintiffs' Motion for Partial Summary Judgment as to Defendant's unjust enrichment

claim,  **denies**  Defendant's Cross-Motion for Summary Judgment as to its claim for unjust

enrichment, and **dismisses with prejudice** this claim.

The court **determines** that no genuine dispute of material fact exists as to Defendant's claim

for money had and received and **grants** Defendant's Cross-Motion for Summary Judgment on its

---

[10] Plaintiffs provide no evidence to dispute that Darwin has paid an amount other than the $502,364.59 asserted by Darwin.  In their Response, Plaintiffs merely make reference to Darwin's allegations regarding the amount of defense expenses paid and never provide any evidence to the contrary.  *See* Pls.' Resp. 3 ("And the summary judgment evidence demonstrates that Plaintiffs' investment far exceeds the $502,364 that Darwin claims to have spent to date."); Pls.' Resp. 15 ("This value far exceeds the $502,364 that Darwin claims to have paid to date.").

[11] The court notes that the antisubrogation rule does not prevent Darwin's recovery under the cause of action for money had and received.  The antisubrogation rule does not bar recovery when an insured seeks reimbursement for overpayment.  *Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 656 (5th Cir. 2004) ("But not all suits by an insurer against its insureds are barred. . . . In particular an insurer may bring a reimbursement action against its insured for recovered property or an insurers overpayment for losses, even where a subrogation action is forbidden.") (citations omitted).  Thus, the antisubrogation rule does not preclude Defendant from asserting a claim for money had and received under the limited circumstances in which Darwin seeks compensation for overpayment.

claim for money had and received.   In light of this ruling, the court **denies** Plaintiffs' Motion for Partial Judgment as to Defendant's claim for money had and received.  The amount to which Darwin is entitled totals **$279,675.15**, plus any applicable interest.

Based on the court's rulings within this opinion, the earlier-filed Memorandum Opinion and Order, and the court's  Memorandum Opinion and Order  partially granting Defendant's Motion to Dismiss,  Plaintiffs' claim under the Texas Insurance Code § 542 remain and Defendant's claim for negligent misrepresentation remain.  As these are the only claims remaining, it seems to the court that reason should prevail and the parties ought to be able to resolve these issues without the necessity of a trial.

*In light of this supplemental opinion, matters to be tried have been narrowed, and the court believes that this ruling provides even greater incentive for the parties to resolve the case without the necessity of trial.  As previously noted, this litigation has been unnecessarily contentious and costly, and it is time to bring the matter to a close.  If this case proceeds to trial, the parties are duly warned that the court will not allow any issue that has been dismissed to be retried, and any attempt by the parties to circumvent or a do an "end-run" around the court's rulings by injecting issues that are no longer a part of this case will not be tolerated.*

The parties are to inform the court by **May 1, 2015**, whether they have been able to resolve this action.

**It is so ordered** this 24th day of April, 2015.

Sam A. Lindsay
United States District Judge

**Supplemental Memorandum Opinion and Order- Page 13**