IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLA ALDOUS, P.C., d/b/a ALDOUS LAW FIRM, and CHARLA ALDOUS, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:13-CV-3310-L |
| DARWIN NATIONAL ASSURANCE COMPANY, | § § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Plaintiffs Charla Aldous, P.C., d/b/a Aldous Law Firm ("Aldous") and Charla Aldous's (collectively, "Plaintiffs") Motion for Reconsideration of Summary Judgment Ruling on Darwin's Counterclaim of Money Had and Received (Doc. 145), filed May 13, 2015, and Defendant Darwin National Assurance Company's ("Darwin" or "Defendant") Motion for Reconsideration of a Portion of the Summary Judgment Ruling (Doc. 148), filed May 21, 2015. After careful review of the motions, responses, replies, record, previous orders, and applicable law, the court **denies** Plaintiffs' Motion for Reconsideration of Summary Judgment Ruling on Darwin's Counterclaim of Money Had and Received and **denies** Defendant's Motion for Reconsideration of a Portion of the Summary Judgment Ruling.

**I.     Background**

On April 24, 2015, the court issued a supplemental memorandum opinion and order in this case granting Defendant's Cross-Motion for Summary Judgment on its claim for money had and received and granting Plaintiffs' Partial Motion for Summary Judgment as to Defendant's breach of contract claim. In its opinion, the court determined that Defendant's breach of contract claim

**Memorandum Opinion and Order - Page 1**

failed as a matter of law because the antisubrogation rule prevented its subrogation of Aldous; the Policy does not allow for reimbursement; and any alleged representation made by Aldous cannot modify the Policy. The opinion also determined that Defendant was entitled to recover overpayments pursuant to its claim for money had and received and awarded Defendant $279,675.15. Plaintiffs and Defendant have filed motions for reconsideration of the supplemental memorandum opinion and order.

## II.        Plaintiffs' Motion to Reconsider

Plaintiffs move for reconsideration of the court's ruling on Darwin's counterclaim for money had and received. Plaintiffs contend that the court granted Darwin recovery of fees for overpayment, but Darwin did not base its claim on the legal theory of overpayment. Plaintiffs assert that they lack sufficient notice under Federal Rule of Civil Procedure 56(f) to present evidence to oppose an overpayment theory.

The court disagrees with Plaintiffs' assertions. While Defendant did no use the precise language or technical buzz words, it did state that it paid "above and beyond amounts due . . . ." Def.'s Countercl. ¶ 30. From the court's perspective, the use of this language by Defendant clearly indicates that Defendant is asserting that it overpaid Plaintiffs' attorney's fees. Accordingly, the court disagrees with Plaintiffs' assertion that it granted summary judgment on a theory not raised by Defendant. Plaintiffs also seek to relitigate the issue of Defendant's money had and received claim and convince the court that it previously incorrectly decided this issue. The court has carefully reviewed and pored over the record and its previous opinions and orders in this case and is not convinced that it decided incorrectly the matter raised by Plaintiffs. Accordingly, the court will deny Plaintiffs' Motion to Reconsider.

### III.         Defendant's Motion to Reconsider

Defendant moves for reconsideration of the court's determination that the antisubrogation rule applies to its breach of contract claim. Defendant contends that the court denied its breach of contract claim in light of the antisubrogation rule. Defendant asserts that the antisubrogation rule is not as broad in Texas as applied by the Fifth Circuit in the cases cited by the court.[*] Defendant, however, misapprehends the court's ruling. Defendant bases its motion for reconsideration on the assertion that "the antisubrogation rule does not prohibit an insurer from suing its own insured on an insurance policy under all circumstances." Def.'s Mot. to Recons. 3. The court agrees with this contention, as evidenced in its Supplemental Memorandum Opinion and Order when it stated, "Darwin would have a right to recovery *if* it included a provision allowing for . . . *greater subrogation rights*." Suppl. Mem. Op. & Order 5 (emphasis added).

Further, Defendant's breach of contract claim failed as a matter of law not only because the antisubrogation rule prevented Darwin's subrogation of Aldous, but also because the Policy does not allow for reimbursement and any alleged representation made by Aldous could not modify the policy. Suppl. Mem. Op. & Order 9. The court has carefully reviewed the record and the supplemental memorandum opinion and order in this case and is not convinced that it decided incorrectly the matter raised by Defendant. Accordingly, the court will deny Defendant's Motion to Reconsider.

---

[*] In its Supplemental Memorandum Opinion and Order, the court denied Defendant's claim based on *U.S. v. St. Bernard Parish*, 756 F. 2d 1116 (5th Cir. 1985), and *Peavey Co. v. M/V ANPA,* 971 F.2d 1168 (5th Cir. 1992), Fifth Circuit cases that interpret Louisiana law. The Fifth Circuit cited to *Peavey Co.* in *Vesta Ins. Co. v. Amoco Prod. Co.*, 986 F.2d 981, 987 n.13 (5th Cir. 1993), a case that interpreted Texas law. In *Vesta Ins. Co.*, the Fifth Circuit recognized that as a general rule, an insurer cannot exercise its right of subrogation against its own insured. *Id.* at 986 (finding the general rule was not applicable in the situation the court faced). The general rule of law is consistent with the court's previous ruling in this case.

**IV.     Parties' Joint Stipulation**

On May 4, 2015, the parties provided the court with a joint stipulation that was discussed in a telephonic conference on May 14, 2015. After careful review, the court will accept the joint stipulation submitted, and the parties are directed to submit a proposed judgment that effectuates the joint stipulation by **March 28, 2016,** at **5:00 p.m.** The judgment is to include any amounts awarded, the amount of prejudgment interest, and the issues, if any, the parties wish to preserve for appeal.

**V.     Conclusion**

For the reasons herein stated, the court **denies** Plaintiffs' Motion for Reconsideration of Summary Judgment Ruling on Darwin's Counterclaim of Money Had and Received (Doc. 145) and **denies** Defendant's Motion for Reconsideration of a Portion of the Summary Judgment Ruling (Doc. 148). Based on the ruling herein, the parties' motions in limine (Doc. 123 and Doc. 127) are also **denied as moot**. Further, in light of the joint stipulation, Defendant's Motion to Dismiss Misrepresentation Counterclaim (Doc. 140), filed April 7, 2015, is **denied as moot**.

**It is so ordered** this 14th day of March, 2016.

_____
Sam A. Lindsay
United States District Judge