IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLA ALDOUS, P.C., d/b/a ALDOUS LAW FIRM, and CHARLA ALDOUS, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:13-CV-3310-L |
| DARWIN NATIONAL ASSURANCE COMPANY, | § § § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiffs Charla Aldous, P.C., d/b/a Aldous Law Firm ("Aldous") and Charla Aldous's (collectively, "Plaintiffs") Motion for Exclusion or Reduction of Prejudgment Interest (Doc. 159), filed March 28, 2016. After careful review of the motion, record, and applicable law, the court **denies** Plaintiffs' Motion for Exclusion or Reduction of Prejudgment Interest.

On March 14, 2016, the court issued a memorandum opinion and order in this case denying Plaintiffs' Motion for Reconsideration of Summary Judgment Ruling on Darwin's Counterclaim of Money Had and Received, and denying Defendant's Motion for Reconsideration of a Portion of the Summary Judgment Ruling. The court ordered the parties to submit a proposed final judgment and include any amounts awarded, the amount of prejudgment interest, and the issues, if any, the parties wish to preserve for appeal by March 28, 2016. Pursuant to the court's order, the parties filed a joint proposed order including all the information required by the court. The proposed judgment included a prejudgment interest amount of $36,587.96. Plaintiffs seek to exclude or reduce the amount prejudgment interest included in the proposed judgment.

Plaintiffs request that the court exclude the prejudgment interest because exceptional circumstances are present in this case. Plaintiffs contend that because the case involved complex issues, close questions of insurance law that the parties presented to the court in good faith, and because the court awarded compensation on just one of several theories of liability asserted, this case qualifies as an exceptional circumstance. According to Plaintiffs, prejudgment interest should not be awarded. The court disagrees with Plaintiffs' contention. The issues of law, though complicated, were not to the degree as to warrant an exclusion of prejudgment interest on the basis of exceptional circumstances. Moreover, both sides bear responsibility for making this case unnecessarily complex, as evidenced in the record. Accordingly, the court will deny Plaintiffs' motion to exclude prejudgment interest.

Plaintiffs also request, in the alternative, that prejudgment interest be reduced because Defendant overstated the amount in the proposed judgment. Plaintiffs assert that Defendant seeks to recover prejudgment interest from the date of the filing of the counterclaim, but they assert that prejudgment interest should be calculated from the date the Plaintiffs received payment of the judgment against Albert G. Hill, III ("Hill"). Plaintiffs assert that Defendant expressly disclaimed any right to repayment of defense costs until after they recovered from Hill and that its disclaimer should preclude the award of prejudgment interest for the period between the date the countersuit was filed and the date Plaintiff recovered payment. Plaintiffs further assert that prejudgment interest should be awarded based on principles of equity and that allowing the prejudgment interest to be awarded from the date suit was filed would be inequitable and unfair. Plaintiffs misapprehend the equitable nature of prejudgment interest. "The Texas Supreme Court has made clear that the award of prejudgment interest, although equitable in nature, is not generally a matter for the trial court's discretion." *Executone Info. Sys., Inc. v. Davis,* 26 F.3d 1314, 1330 (5th Cir.

1994). Absent exceptional circumstances, the Texas Supreme Court "requires that prevailing [counter] plaintiffs receive prejudgment interest" as established by the Texas Financial Code. *Concorde Limousines, Inc. v. Moloney Coachbuilders, Inc.*, 835 F.2d 541, 549 (5th Cir. 1987). As explained above, the court does not find that exceptional circumstances exist in this case. Accordingly, Plaintiffs' equitable argument as to the accrual date is without merit.

Prejudgment interest is calculated under state law in diversity cases. *Boston Old Colony Ins. Co. v. Tiner Assocs. Inc.,* 288 F.3d 222, 234 (5th Cir. 2002). In Texas, prevailing parties receive prejudgment interest as a matter of course. *Executone,* 26 F.3d at 1329-30. "The Texas Supreme Court has recognized two separate bases for the award of prejudgment interest: (1) an enabling statute; and (2) general principles of equity." *International Turbine Servs., Inc. v. VASP Brazilian Airlines, Inc.,* 278 F.3d 494, 449 (5th Cir. 2002)(quoting *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.,* 962 S.W.2d 507, 528 (Tex. 1998)). "[S]tatutory prejudgment interest applies only to judgments in wrongful death, personal injury, property damage, and condemnation cases." *International Turbine Servs., Inc.,* 278 F.3d at 449. Because Defendant's money had and received claim does not fall within the statutory provisions, prejudgment interest in this case is governed by Texas common law. *Id.* Under both the common law and the Texas Finance Code, prejudgment interest begins to accrue on the earlier of: (1) 180 days after the date a [counter] defendant received written notice of a [counter]claim, or (2) the date [counterclaim] is filed. Tex. Fin. Code Ann. § 304.104 (West 2006); *see Johnson & Higgins of Texas, Inc.,* 962 S.W.2d at 532 (extending the statutory rule to prejudgment interest awards governed by the common law; that is, those awards that are not based on wrongful death, personal injury or property damage, or otherwise governed by an agreement of the parties). It is unclear from the record when Plaintiffs received written notice of Defendant's counterclaims. The court, therefore, determines that

prejudgment interest accrual date in the proposed judgment is correct. Accordingly, the court will deny Plaintiffs' motion to reduce prejudgment interest, and prejudgment interest will be calculated from the date the counterclaim was filed, August 16, 2013, to the date of entry of the judgment.

For the reasons herein stated, the court **denies** Plaintiffs' Motion for Exclusion or Reduction of Prejudgment Interest (Doc. 159).

**It is so ordered** this 31st day of March, 2016.

*[signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge