**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CHARLA ALDOUS, P.C.,  d/b/a** | § | |
| **ALDOUS LAW FIRM, and CHARLA** | § | |
| **ALDOUS,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:13-CV-3310-L** |
| | § | |
| **DARWIN NATIONAL ASSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| Defendant. | § | |

**<u>FINAL JUDGMENT</u>**

The court hereby enters the following Final Judgment ("Judgment"):

1.       It is hereby **ordered, adjudged, and decreed** that Defendant Darwin National Assurance Company ("Darwin") recover from Plaintiffs Charla G. Aldous, P.C. d/b/a Aldous Law Firm and Charla Aldous $279,675.15 on its claim for money had and received. Prejudgment interest shall accrue on this amount at the rate of 5% per annum from August 16, 2013, through March 31, 2016, which totals $36,702.57.  The total award to Darwin is $**316,377.72.**

2.       It is further **ordered, adjudged, and decreed** that pursuant to the parties' Joint Stipulation of Dismissal With Prejudice of Specified Claims (Doc. 144) (the "Joint Stipulation"):

- Plaintiffs' remaining claims under Texas Insurance Code § 542 regarding LFD Invoice Nos. 11089, 11092 (subsequently corrected and issued as No. 11174), 12442, and 12563, as described in the proposed Amended Joint Pretrial Order (Doc. 132) are **dismissed with prejudice**.  As set forth in the proposed Amended Joint Pretrial Order, these claims are for prejudgment interest sought by Plaintiffs, under Texas Insurance Code § 542.058, on late payments of defense costs by Darwin with respect to the invoices specified above.

- To the extent Plaintiffs' claims in connection with the above-described invoices were previously dismissed by the court's prior orders (Docs. 85, 106, 141, 157), such claims are preserved for appeal.  By way of example and without limitation,

the court previously dismissed Plaintiffs' claim that Darwin underpaid $102,697.66 in connection with LFD Invoice No. 11092 (subsequently corrected and issued as No. 11174).  Plaintiffs, therefore, retain their right to appeal the court's ruling in this regard, including the right to assert and recover the remedies provided by Texas Insurance Code § 542.060 in connection with these amounts should Plaintiffs be successful in an appeal, in whole or in part.

- Darwin's claim in Count Four of its Counterclaim asserting Misrepresentations is **dismissed with prejudice**.

3.      It is further **ordered, adjudged, and decreed** that all legal and factual issues ruled upon by the court in its memorandum opinions and orders (Docs. 85, 106, 141, 157) on Plaintiffs' Motion for Partial Motion for Summary Judgment Against Darwin National Assurance Company (Doc. 54); Defendant Darwin National Assurance Company's Cross-Motion for Summary Judgment (Doc. 79); Defendant Darwin National Assurance Company's Amended 12(b)(6) Motion to Dismiss (Doc. 33); Plaintiffs' Motion for Reconsideration of Summary Judgment Ruling on Darwin's Counterclaim of Money Had and Received (Doc. 145); and Defendant Darwin National Assurance Company's Motion for Reconsideration of a Portion of the Summary Judgment Ruling (Doc. 148) are preserved for appeal, including without limitation the following rulings and all related conclusions of law and findings of fact:

- The court's dismissal of Plaintiffs' claims under Chapter 541 of the Texas Insurance Code;

- The court's dismissal of Plaintiffs' claims under the Texas Deceptive Trade Practices-Consumer Protection Act;

- The court's dismissal of Plaintiffs' claim for breach of the duty of good faith and fair dealing;

- The court's denial of Plaintiffs' Motion for Partial Summary Judgment on their breach of contract claim (and grant of Defendant's Cross-Motion for Summary Judgment on this claim) and dismissal of Plaintiffs' breach of contract claim;

- The court's denial of Plaintiffs' Motion for Partial Summary Judgment on their claims for declaratory judgment (and grant of Defendant's Cross-Motion for Summary Judgment on this claim);

- The court's granting of Defendant's Cross-Motion for Summary Judgment on its claim for money had and received and factual determination that Darwin overpaid under the insurance contract in the amount of $279,675.15, as referenced above;

- The court's denial of Defendant's Cross-Motion for Summary Judgment (and grant of Plaintiff's Motion for Partial Summary Judgment) on Defendant's breach of contract claim;

- The court's denial of Defendant's Cross-Motion for Summary Judgment (and grant of Plaintiff's Motion for Partial Summary Judgment) on Defendant's money had and received claim to the extent of $177,460.65 recovered by Aldous from Albert G. Hill, III ("Hill") for the defense of Hill's Counterclaims that was paid by Darwin;

- The court's denial of Defendant's Cross-Motion for Summary Judgment on Defendant's claims for declaratory judgment (and grant of Plaintiffs' Motion for Partial Summary Judgment on this claim);

- The court's denial of Defendant's Cross-Motion for Summary Judgment (and grant of Plaintiff's Motion for Partial Summary Judgment) on Defendant's unjust enrichment claim.

4. It is further **ordered, adjudged, and decreed** that all allowable and reasonable costs of court are taxed against Plaintiffs.

5. It is further **ordered, adjudged, and decreed** that, except as otherwise stated above, all other claims and counterclaims of the parties for any damages or other relief are denied.

6. It is further **ordered, adjudged, and decreed** that postjudgment interest shall accrue on the total amount of the judgment at the rate of **.64** percent per annum from the date of entry of the judgment until it is paid in full.

**Signed** this 31st day of March, 2016.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge